No. 2366

Second Circuit

---

CASTLEBERRY v. WEBSTER-BOSSIER LUMBER CO., INC.

---

(November 10, 1927.   Opinion and Decree.)

---

(Syllabus by the Editor)

1.   Louisiana Digest—Courts—Par. 164.
Where the amount involved in a case is more than the appellate jurisdiction of the Court of Appeal, it will be transferred to the Supreme Court in accordance with Act No. 19 of 1912.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster. Hon. John S. Richardson, Judge.

Action by T. E. Castleberry against Webster-Bossier Lumber Company, Incorporated.

There was judgment for defendant and plaintiff appealed.

Case transferred to the Supreme Court.

Charles M. Roberts, of Minden, attorney for plaintiff, appellant.

L. K. Watkins, of Minden, attorney for defendant, appellee.

ODOM, J.   The amount in controversy in this case is far beyond our maximum jurisdiction.

Defendant sold to plaintiff and another a saw mill and planer and all equipment, 500,000 feet of lumber, more or less, on the yard, tenant-houses, and 580 acres of timber, for a consideration of $11,500.00, of which only $1,000.00 was paid in cash. A note for $1,500.00 was given and the balance of $9,000.00 was to be paid out of the proceeds of lumber sold. Subsequently, the entire outfit, including the lumber on the yard, was, by verbal agreement, turned over by plaintiff to defendant with the understanding that defendant was to dress and sell the lumber, operate the mill, and whatever profits arose from the sale of the lumber then on the yard and the operation of the mill were to be applied to the payment of plaintiff's debt to defendant, and when the debt was paid the outfit was to be returned to plaintiff.

Plaintiff brought this suit, alleging that defendant had violated its contract, had converted or was converting the lumber on the yard into money, had not given credit for the proceeds of the sales, would make no accounting, etc. He asked that defendant be ordered to render a full and complete account of its operation of the mill and especially to account for the proceeds of the sale of the 500,000 feet of lum-

ber which was on the yard, and for judgment for $1,000.00 damages; and that the oral contract entered into be declared null and void, and that the parties be placed in the same situation they were before it was entered into.

In a separate and subsequent suit plaintiff sought and obtained a writ of injunction prohibiting defendant from taking possession of all of said property, which, according to the deed produced and filed, was worth in excess of $11,000.00.

We shall not dismiss the appeal, but exercise the right conferred by Act No. 19 of 1912 and transfer the case to the Supreme Court.

It is therefore ordered that this case be transferred to the Supreme Court, and to the end that the record may be properly made up for that court, it is further ordered that the Clerk of this court transmit the *record as filed here back-to the Clerk of* the District Court of Webster parish, the parish in which the suit was filed.

Appellant to pay the cost of the appeal to this court.